Affirmed and Majority and Concurring Opinions filed January 8, 2008














Affirmed and
Majority and Concurring
Opinions filed January 8, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00477-CR

____________

 

DAVION EDWARDS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 184th
District Court

Harris County,
Texas

Trial Court Cause No. 1093522

 





 

C O N C U R R I N G   O P I N I O N

 

The court arrives at the correct conclusion in affirming
the trial court=s judgment; however, the majority
improperly relies on Faretta v. California,
422 U.S. 806, 820, 95 S. Ct. 2525, 2534, 45 L. Ed. 2d 562 (1975), to support
its conclusion.  The majority asserts that appellant=s trial counsel=s explanation, A[T]hat=s the route we
decided to take,@ strengthens the contention that waiver occurred
because a defendant Ais bound by the
strategy decisions of his trial counsel.@[1]  Farretta more accurately pertains to an accused=s constitutional
right to proceed at trial without counsel when he voluntarily elects to do so.[2] 
Under Faretta, the state may not force trial
counsel upon an accused for representation when the accused insists on
conducting his own defense.[3] 
Faretta is not on point
on the facts of this case as the majority suggests.  For this reason, I do
not join the majority=s analysis but I respectfully concur in
the court=s judgment.  

 

 

 

 

/s/     
Kem Thompson Frost

Justice

 

 

Panel consists of Justices
Anderson and Frost and Senior Justice Hudson.*
(Anderson, J., Majority.)

Publish C Tex. R. App. P.
47.2(b).














[1]  See ante at p. 5.





[2]  Faretta, 422
U.S. at 820, 95 S. Ct. at 2533 (AThe
language and spirit of the Sixth Amendment contemplate that counsel, like other
defense tools guaranteed by the Amendment, shall be an aid to a willing defendantBnot
an organ of the State interposed between an unwilling defendant and his right
to defend himself personally.@).





[3]  Faretta, 422 U.S. at
834, 95 S. Ct. at 2540B41.





*  Senior Justice J. Harvey
Hudson sitting by assignment.